[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-2205

CHRISTINA TROISI,

Plaintiff, Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

---

Before

Lynch, Circuit Judge,
Bownes, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Nancy Lorenz, Taramattie Doucette and Greater Boston Legal
Services on brief for appellant.
Donald K. Stern, United States Attorney, and Michael J.
Pineault, Assistant U.S. Attorney, on brief for appellee.

---

AUGUST 23, 2000

---

**Per Curiam**.    Appellant Christina Troisi appeals from a judgment of the district court upholding the Commissioner's denial of social security disability benefits ("SSDI") and supplemental security benefits ("SSI").  Troisi alleged an inability to engage in any "substantial gainful activity" beginning in 1990 due to headaches, a depressive disorder and a gender identity disorder.  She stated in her application that she had worked full-time as a hairdresser until 1990, and had continued to work at that trade, but on a part-time basis, earning $90 per week, until shortly before she filed her application for benefits on April 26, 1995.  Her last insured date was September 30, 1996.

At the hearing before an ALJ in August, 1996, Troisi acknowledged that by March or May, 1996, she had resumed her part-time work as a hairdresser and was still so employed for approximately three days per week, now earning $18 per day.  The ALJ found that this work "probably" was not at a substantial "gainful" level, so her application was not disqualified at Step One of the familiar sequential process.  See 20 C.F.R. §§ 404.1574(b), 416.974(b) (1997) (defining "gainful" earnings); see also 20 C.F.R. § 1572

(providing that part-time work which involves significant physical or mental activity is "substantial" work).

At the hearing, the ALJ heard testimony from Troisi, a vocational expert, and a medical expert. The record was held open for additional medical evidence. Based on the entire record, the ALJ determined that despite her mental impairments, Troisi retained a residual functional capacity to work at a "substantial gainful" level as a hairdresser and to make an adjustment to other work which exists in significant numbers in the national economy. The Appeals Council denied review.

Upon a careful review of the record, we agree with the district court that the ALJ's determination is supported by substantial evidence. Accordingly, we affirm adding only the following in light of the arguments here.

**(1)** The ALJ did not "ignore" the second opinion letter from Troisi's treating psychologist dated August 26, 1996, but fully summarized it in his report. The ALJ was not required to chose between the psychologist's second diagnosis of "major depression in partial remission" and the examining psychiatrist's diagnosis of "dysthymia" since neither doctor described an impairment which "meets or equals" the severity required for a finding of disability

-3-

at Step Three. The psychologist's opinion, that Troisi was not ready to return to "full-time" work without risk to her mental health, was not entitled to "controlling" weight since it was inconsistent with other substantial evidence in the record including evidence from the other treating sources. See 20 C.F.R. § 404.1527(d)(2). Anyway, the question before the ALJ was whether, as defined in the regulations, Troisi's impairments precluded "substantial gainful work activity" for a continuous twelve-month period and that question is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e).

(2) The ALJ's finding that Troisi's "statements about her impairments and their impact on her ability to work are not entirely credible," is sufficiently explained by the ensuing discussion of the medical evidence in his report and his comments at the hearing. A credibility finding is entitled to deference especially where, as here, it is consistent with substantial medical evidence.

(3) The ALJ's findings as to Troisi's non-exertional limitations were specific and individualized and did fall below the regulatory standard explained in Lancellotta v. Secretary of HHS, 806 F.2d 284, 285 (1st Cir. 1986). The hypothetical which the ALJ posed to the VE fairly

-4-

summarized the limitations which were found to be credible and supported by the medical evidence.

**(4)** The parties disagree about whether the psychologist's third opinion letter, dated March 26, 1997, is a part of the record for purposes of judicial review. The letter was offered to the Appeals Council as "new" evidence, but the Appeals Council denied review.

Troisi seeks a remand to the Commissioner for further "evaluation," but we are not sure whether she means to argue **(1)** that under 42 U.S.C. § 405(g), the letter is "new" and "material" evidence and there was "good cause" for the failure to incorporate it into the record "in a prior proceeding," or **(2)** that the Appeals Council erred as a matter of law by denying review under 20 C.F.R. §§ 404.976, 416.1476, because the letter was "new" and "material" to the period "on or before" the ALJ's decision date, and/or (3) that we should include the letter in our judicial review of the entire record for "substantial evidence." As to the last of the possible arguments, the circuits are split over whether such "new evidence" is considered a part of the administrative record for purposes of judicial review.

However, here we need not reach the issue which has divided the circuits. Under any of Troisi's possible

arguments, we find that the psychologist's third opinion letter cannot reasonably change the result. The letter is dated six months after Troisi's insurance expired and two months after the ALJ's decision. It "updates" Troisi's "mental status and current functioning," in light of intervening events and adds new diagnoses. It was too remote to be "material" to the SSDI issue of whether Troisi had acquired a defined disability prior to the expiration of her insurance. Any retrospective inferences, even to the date of the ALJ's decision, are too attenuated to add weight to Troisi's claims or to change the result of our "substantial evidence" review.[1]

**Affirmed**.

---

[1]In addition to the time line issue, we note that the doctor's new diagnosis of "apparent" attention deficits and "possible learning disabilities," would carry little or no weight, especially since the doctor had "not been able to test Ms. Troisi to determine the nature and/or level of her cognitive deficits." Other "new" diagnoses, or bases for the opinion include, "lacking in job interview skills" and "lack of adequate [employment] training," matters which are not entitled to weight as "medical" opinion.